UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LUIS ACEVEDO, on behalf of himself
and all others similarly situated                    CASE NO. _____

VERSUS

OHLER CONSTRUCTION, LLC and
JASON OHLER

## **COMPLAINT – COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT**

1.

This is an action brought by Luis Acevedo, an employee of defendant, Ohler Construction, LLC. Mr. Acevedo seeks redress on behalf of himself and all others similarly situated for the defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

2.

The putative collective action group consists of numerous construction workers currently or previously employed by Ohler Construction, LLC, who were paid on a straight hourly basis and have not received the overtime to which they are entitled under the Fair Labor Standards Act.

3.

The plaintiff seeks restitution of unpaid wages, an award of damages, attorneys' fees and costs, declaratory relief, and injunctive relief to make the plaintiff and the collective action members whole for the damages they have suffered due to the defendants' violations of law, and to ensure that the defendants will not violate the rights of the plaintiff and similarly situated persons under the FLSA in the future.

*Jurisdiction*

4.

The Court has jurisdiction over this matter under 28 U.S.C. §1331 and 28 U.S.C. §1337. Further, this Court has the power to issue the declaratory relief requested by the plaintiffs pursuant to 28 U.S.C. §§2201 and 2202.

*Venue*

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2). A substantial part of the conduct complained of herein occurred within this District. Both defendants are domiciled in this District.

*The Parties*

6.

At all times pertinent to this action, the plaintiff and other hourly employees of Ohler Construction, LLC were employed by the defendants to perform construction work, much of which was performed in and around Monroe, Louisiana.

7.

The plaintiff and the collective action members were employees of the defendant Ohler Construction, LLC during the time period to which this action pertains.

8.

Defendant Ohler Construction, LLC is a limited liability company organized under the laws of the State of Louisiana.

9.

Defendant Jason Ohler is a member as well as the manager of Ohler Construction, LLC. Upon information and belief, it is defendant Jason Ohler who implemented the policy of not paying overtime to certain employees.

### *FLSA Coverage*

10.

The FLSA applies to defendants' employment of plaintiff Luis Acevedo.

11.

Defendants Ohler Construction, LLC and Jason Ohler are the "employers" of plaintiff as that term is defined by the FLSA.

12.

Defendant Jason Ohler is the managing member of Ohler Construction, LLC.  Defendant Jason Ohler has operational control over the payroll activities of the company.  He is responsible for the violations of the FLSA complained of herein.  Mr. Ohler is therefore an "employer" of Luis Acevedo under the FLSA and is personally liable to him for Ohler's failure to pay him overtime compensation.

13.

Defendant Ohler Construction, LLC hired plaintiff, directed his work, supervised him, and paid him an hourly wage.  At all times Ohler Construction, LLC had the power to hire and fire plaintiff.

14.

Defendant Ohler Construction, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00. Its employees are construction workers on major construction projects who handle, work on, and use tools, machinery, and construction materials that have been produced and moved in interstate commerce in connection with Ohler's construction activities.

### *Statement of Facts*

15.

Ohler Construction, LLC provides construction services throughout the greater Monroe area and elsewhere in Louisiana.

16.

Plaintiff Luis Acevedo was employed by Ohler Construction, LLC for approximately four months, beginning in April and ending in about August 2020. During that time, Mr. Acevedo consistently worked far in excess of 40 hours per week. He worked an average of 6 days per week, with a schedule that began at 7:00 am through between 5:00 and 7:00 pm. He estimates that, on average, he worked 65 hours per week.

17.

Despite the fact that Mr. Acevedo was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

18.

The defendants have also willfully and improperly avoided paying overtime to many other employees. Mr. Acevedo is aware of dozens of other current and former Hispanic employees of Ohler Construction, LLC who worked there without receiving overtime pay. On information and belief, this practice of not paying overtime does not apply solely to the defendant's Hispanic

workers, but extends to all of the hourly construction workers employed on the defendants' construction projects.

## *FLSA Collective Action Allegations*

19.

The claims set forth above are brought by the plaintiff on behalf of himself and all persons who were, are, or will be employed by Ohler Construction, LLC during the applicable statutes of limitations, who were not compensated at 1 and 1/2 times their regular rate of pay for hours worked in excess of 40 hours per week.

20.

Plaintiff Acevedo seeks to represent similarly situated construction workers who were paid on an hourly basis without receiving overtime pay from defendant Ohler Construction, LLC during the applicable statutes of limitation.

21.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include scores of individuals, and perhaps well over one hundred people. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

22.

There are questions of fact and law common to the class, including whether Ohler Construction, LLC failed to pay overtime wages as required by the FLSA.

23.

The plaintiff and the collective action members he seeks to represent are similarly situated and are subject to the defendants' unlawful employment practices outlined above. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for the plaintiff are experienced in class actions and collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

*Count I: Failure to Pay Overtime Violation of FLSA*

24.

Plaintiff incorporates by reference the allegations contained in Paragraphs 1-18 above as if fully contained herein.

25.

The FLSA applies to the defendants' employment of the plaintiff and other employees engaged in construction work.

26.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half (1 1/2) times the employee's regular rate for all hours worked in excess of 40 hours per week.

27.

The defendants have willfully refused to pay overtime to the plaintiff and the collective action members whom he seeks to represent for hours worked in excess of 40 hours per week.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Luis Acevedo, on his own behalf and on behalf of the collective action members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA 29 U.S.C. §201 et seq.;

3. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

4. An order appointing plaintiff and his counsel to represent the collective action members.

5. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA; and

6. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/s/ Daniel B. Davis
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:  (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*